1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS B. FERGUSON, individually; CHRIS BESS, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN SPECIALTY INSURANCE COMPANY, a California corporation; JOHN AND JANE DOES, I-X; XYZ PARTNERSHIPS, I-X; ABC CORPORATIONS, I-X,<br><br>    Defendants. | No. CV 09-01581-PHX-JAT<br><br>**ORDER** |

Currently before the Court is Plaintiffs Thomas B. Ferguson and Chris Bess' Motion to Remand. (Doc. #10). Defendant First American Specialty Insurance Company filed a Response on August 21, 2009 (Doc. #17), and Plaintiffs filed a Reply on August 31, 2009. (Doc. #19). For the reasons that follow, the Court grants Plaintiffs' Motion.

**I. Background**

Plaintiffs made a $50,000 loan to Albert and Rene Mendoza for the purchase of a residence in Maricopa County. The Mendozas obtained property insurance through Defendant (policy no. AZPD109577). After the Mendozas defaulted on the loan, Plaintiffs purchased the property at a trustee's sale on March 24, 2009 with a "full credit bid" in the amount of $59,484.93. Plaintiffs, who allege they were also insureds up to the amount of the

1 | loan, brought an insurance claim for theft and vandalism as a third party beneficiary under
2 | Defendant's policy. Defendant denied Plaintiffs' claim

On June 16, 2009, Plaintiffs commenced this action in the Maricopa County Superior Court. (Doc. #1, Ex. A, Complaint). In their complaint, Plaintiffs allege breach of contract and breach of the duty of good faith and fair dealing (bad faith). (*Id*). Plaintiffs seek compensatory, general, special and punitive damages, as well as attorney's fees and costs.

On July 31, 2009, Defendant removed the present case to this Court based on diversity jurisdiction. (Doc. #1). Plaintiffs timely filed a Motion to Remand arguing that this Court lacks subject matter jurisdiction because Defendant has not provided sufficient evidence to establish that the amount in controversy exceeds $75,000.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, when a federal court is presented with a motion to remand, the court is limited solely to the question of its authority to hear the case pursuant to the removal statute. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986). Thus, the Court's inquiry is limited to whether it has subject matter jurisdiction over the instant case.

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Further, actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

The removal statute provides in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is, however, a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*,

980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

"In a removed case . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). But, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer*, 116 F.3d at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (quoting *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). However, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (endorsing the Fifth Circuit's practice of considering facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal.").

### III. Analysis

#### A. Motion to Remand

Plaintiffs do not demand a particular dollar amount in their complaint. Accordingly, it is Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 376. This requires that Defendant submit evidence to show it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404. Defendant may submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal, but may not rely upon conclusory allegations. *Valdez*, 372 F.3d at 1117.

Evidence submitted by Defendant to prove that the amount in controversy exceeds $75,000 includes the certificate regarding compulsory arbitration from Maricopa County Superior Court (Def. Ex. 2); an estimate amounting to $63,954.96 that Plaintiffs obtained for the potential repair costs at the property from Steve Reiswig of Magnus Construction (Def. Ex. 3); e-mail correspondence in which Steve Reiswig indicated that additional work costing "tens of thousands of dollars" would be incurred if action were not taken immediately (Def. Ex. 4); a letter drafted by Plaintiff's previously retained counsel to Defendant stating damages would be higher than Reiswig's estimate and that the "final bill will be an element of [Plaintiffs'] damages" (Def. Ex. 5); an affidavit of Defendant's attorney attesting to the amount of attorneys' fees likely to be incurred in this case and potential punitive damages (Def. Ex. 6). As discussed below, this evidence is not sufficient to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

First, the certificate regarding compulsory arbitration does nothing more than establish that the amount in controversy is likely more than $50,000. The Court may consider this certificate as a concession by Plaintiffs of the amount that they are seeking for their claim. *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (citing *Singer*, 116 F.3d at 376). Maricopa County Superior Court local rule 3.10 requires arbitration for claims under $50,000. However, while the certificate establishes that Plaintiffs are very likely seeking an amount that is more than $50,000 for their claim, the certificate does not prove that the amount in controversy is greater than $75,000.

Second, the estimation of present and future damages to the property (Def. Ex. 3), the e-mail indicating "tens of thousands of dollars of additional work" if action was not taken immediately (Def. Ex. 4), and the letter drafted by Plaintiffs previously retained counsel to Defendant stating damages would be higher than Reiswig's estimate and that the "final bill will be an element of [Plaintiffs'] damages" (Def. Ex. 5) are, at most, factors in determining punitive damages, not the actual damages under the policy. Plaintiff concedes in their Motion to Remand that as third-party beneficiaries they were also insureds of Defendant up

to the amount of the mortgage, which was $50,000. (Doc. #10). [1] An insurer's policy limits are "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying . . . claims exceeds the [policy limit]." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citations omitted). *See also State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) ("Where insurance coverage is denied, the maximum 'amount in controversy is the maximum limit of the insurer's liability under the policy.'") (citations omitted). Therefore, Plaintiff concedes they are only entitled up to $50,000 under the policy, which is below the jurisdictional minimum unless Defendant can show by a preponderance of the evidence that punitive damages and attorney's fees are likely to exceed $25,000.

Third, Defendant's attorney's estimation of the attorneys' fees in this case through an affidavit (Def. Ex. 6) is not sufficient to find that the amount in controversy exceeds $75,000. Defendant correctly asserts that attorneys' fees recoverable under law may be included in computing the amount in controversy when an underlying statute authorizes such fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees may be awarded the successful litigant in a bad faith action since bad faith arises out of contract. *Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981); *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982). *See also Nahom v. Blue Cross & Blue Shield of Arizona, Inc.*, 180 Ariz. 548, 559, 885 P.2d 1113, 1124 (App. 1994). In prior cases in this district the Court has held that an affidavit by defense counsel in a bad faith case estimating the amount of attorneys fees plaintiff's may incur and later claim is too speculative to suffice for purposes of calculating the $75,000 threshold.

---

[1] Defendant argues in their Reply that the estimate amount of $63,954.96 obtained from Reiswig in Def. Ex. 3 is what should be used to calculate the amount in controversy. Defendant also argues that the amount in controversy should be increased since Reiswig indicated that additional work costing "tens of thousands of dollars" would be incurred if action were not taken immediately. (Def. Ex. 4).

While the Court disagrees that these estimates should be used, even if the Court were to use them, Defendant would still not meet the amount in controversy. The additional expenses are far too speculative to give them substantial merit in calculating the amount in controversy. There is no evidence presented to the Court as to what, if any, additional expenses have been incurred, and it is Defendant's burden to present such evidence.

*See Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004) ("Attorney's fees incurred in obtaining the benefits of an insurance contract are recoverable in a bad faith action but the recoverable fees include only those incurred to obtain the contract benefits and not fees incurred in seeking tort damages.") (citing *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 22-23 (Ariz. Ct. App. 1990)); *Bruemmer v. Hartford Accident & Indem. Co.* 2007 WL 1063164,3 (D. Ariz. 2007) (also citing *Bruemmer*). It should be noted, as a clarification, that in *Schwartz* the court was ruling on an evidentiary matter in the underlying bad faith case where the claimant sought to introduce evidence of attorneys fees incurred in obtaining contract benefits as part of his compensatory damages. This should not be confused with the right the prevailing party has, after trial, to apply pursuant to ARS § 12-341.01(A) for <u>all</u> attorneys fees incurred in litigating the bad faith case.

In his affidavit, counsel for Defendant fails to cite a single case in support of what attorney's fees are likely to be in a case that has similar facts and allegations to the present case. Furthermore, while counsel's affidavit discusses what potential work the attorneys might reasonably engage in, the estimated hourly billing rate and number of hours required to achieve that work are simply too speculative. As a result, Defendant simply does not meet its burden in proving that the reasonable cost of attorney's fees satisfies the amount in controversy.

Finally, Defendant has not established by a preponderance of the evidence that any punitive damages in this case are likely to exceed $75,000. Punitive damages recoverable under law may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk*, 348 F. Supp. 2d at 1069 (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)). To show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000, Defendant must present appropriate

1 | evidence. *Burk*, 348 F. Supp. 2d at 1069 (citing *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F.
Supp. 2d 1143, 1149 (D. Nev. 2004)). Such evidence may include jury verdicts in analogous cases. *Burk*, 348 F. Supp. 2d at 1069 (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)), and *Ansley*, 215 F.R.D. at 578).

Here, Defendant does not present any jury verdicts from analogous cases. Counsel's affidavit (Def. Ex. 6) simply states that he is unaware of a single reported Arizona case decided in the last 15 years in which a punitive damages award did not exceed $75,000. This exact assertion was dealt with in *Burk*, where the court concluded that the defendant could not prove they are likely to receive such an award without citation to a single case. *Burk*, 348 F.Supp. at 1069. Not only is there a failure to "compare the facts of [p]laintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, [defendant] failed even to cite any such cases." *Id.* at 1070. Therefore, this Court agrees with the court in *Burk*, and finds that Defendant in the present case has failed to meet its burden in proving by a preponderance of the evidence that punitive damages exceed the jurisdictional minimum.

Defendant, given all of the evidence submitted and when considered together, fails to prove by a preponderance of the evidence that the value of Plaintiffs' claim exceeds $75,000. Accordingly, in light of the strong presumption against removal jurisdiction, the Court concludes that it lacks subject matter jurisdiction over this action.

**B. Request for Stipulation**

In the alternative, and in the event the Court remands this case to state court, Defendant contends that Plaintiffs must stipulate to the fact that their damages do not exceed $75,000. Specifically, Defendant contends that if Plaintiffs are unwilling to cap their damages at $75,000, then their motion to remand is unreasonable and not brought in good faith. A motion to remand is quite an anomaly. As one court witnessed the comic scene: "plaintiff's personal injury lawyer protests up and down that his client's injuries are as minor and insignificant as can be, while attorneys for the [defendant] paint a sob story about how

plaintiff's life has been wrecked." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

However, the Court disagrees with Defendant's argument. The burden is on the defendant to prove the amount in controversy. *See Singer*, 116 F.3d at 376. As such, Plaintiffs "need not stipulate to limit their future remedies to prevent Defendant's removal to federal court." *Burk*, 348 F. Supp. 2d at 1070.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. # 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss Fictitious Parties (Doc. # 8) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Request for Rule 16 Conference (Doc. # 14) is denied as moot.

**IT IS FURTHER ORDERED** that this case is remanded to the Superior Court for the State of Arizona, in and for the County of Maricopa.

DATED this 23rd day of November, 2009.

James A. Teilborg
United States District Judge